IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY HELEN McKENZIE                                                                PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:06CV013-B-A

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                               DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Mary Helen McKenzie, filed this class action[1] on February 13, 2006, seeking redress under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, for an alleged scheme of racial discrimination on the part of the defendant, Southern Farm Bureau Casualty Insurance Company ("Southern Farm Bureau"). The plaintiff asserts that the defendant uses credit information and "credit scoring" to screen applicants and set premiums for its insurance policies and that the defendant's methods result in a disparate impact on minorities because minority applicants are rejected more frequently or charged higher premiums than non-minority applicants. The defendant has moved to dismiss on the ground that the claims are reverse preempted by virtue of the McCarran-Ferguson Act. 15 U.S.C. § 1012(b).

---

[1]The class has not been certified at this point, though the plaintiff has recently moved for certification. "Prior to class certification, the action is one brought by the named plaintiff(s) individually, seeking to join others upon certification to form a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." *Naquin v. Nokia Mobile Phones, Inc.*, No. CIV. A. 00-2023, 2000 WL 33593205, at *2 (E.D. La. Nov. 8, 2000). A ruling on the motion to certify is unnecessary in light of the court's decision on the defendant's motion to dismiss as outlined in this memorandum opinion.

## Standard of Review

A motion to dismiss for failure to state a claim is disfavored and is rarely granted. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir. 1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *C.C. Port, Ltd.*, 61 F.3d at 289. It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell*, 43 F.3d 975 (quoting 3 Wright & Miller, *Federal Practice & Procedure: Civil 2d* 1216, pp. 156-59).

## Analysis

Under the McCarran-Ferguson Act, "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance . . . ." 15 U.S.C. § 1012(b). Thus, McCarran-Ferguson reverse preemption requires (1) that the federal law in question not be specifically directed at insurance regulation; (2) that there exists a particular state law or declared regulatory policy enacted for the purpose of regulating insurance; and (3) that application of the federal law to the controversy in question will invalidate, impair,

or supercede the state law. *Dehoyos v. Allstate Corp.*, 345 F.3d 290 (5th Cir. 2003). In *Humana, Inc. v. Forsyth*, 525 U.S. 299, 199 S. Ct. 710, 142 L. Ed. 2d 753 (1999), the Supreme Court examined the test set forth in the McCarran-Ferguson Act and clarified certain ambiguous aspects. The *Humana* Court addressed whether a group health insurer violated Nevada law and the Racketeer Influenced and Corrupt Organizations Act ("RICO") when it failed to disclose and pass on discounts for hospital services to its policy beneficiaries. *Humana, Inc.*, 525 U.S. at 303, 119 S. Ct. at 714. According to the Court, the "key question" was "whether RICO's application to the scheme in which the Humana defendants are alleged to have collaborated, to the detriment of the plaintiff policy beneficiaries, would 'impair' Nevada's law." *Id.* at 308, 119 S. Ct. at 713. The Court stated:

> While we reject any sort of field preemption, we also reject the polar opposite of that view, i.e., that Congress intended a green light for federal regulation whenever the federal law does not collide head on with state regulation. The dictionary definition of "impair" is "[t]o weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner." Black's Law Dictionary 752 (6th ed. 1990). The following formulation seems to us to capture that meaning and to construe, most sensibly, the text of § 2(b) [of the McCarran-Ferguson Act]: When federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran-Ferguson Act does not preclude its application.

*Id.* at 309-10, 119 S. Ct. at 717.

The Court ultimately found that Nevada law would not be impaired by allowing the policyholders to bring suit under RICO and concluded by stating, "[W]e see no frustration of state policy in the RICO litigation at issue here. RICO's private right of action and treble damages provision appears to complement Nevada's statutory and common-law claims for relief." *Id.* at 313, 119 S. Ct. at 719. The Court further noted "that Nevada filed no brief at any

3

stage of this lawsuit urging that application of RICO to the alleged conduct would frustrate any state policy, or interfere with the State's administrative regime." *Id.*

The Fifth Circuit applied *Humana* analysis in *Dehoyos v. Allstate Corp.*, 345 F.3d 290 (5th Cir. 2003) – a lawsuit filed by Florida and Texas plaintiffs challenging an insurer's use of credit scoring. Because the defendant insurer was unable to "direct the court to a particular law or declared regulatory policy" which would conflict with the FHA, the court found that the McCarran-Ferguson Act did not bar the plaintiffs' claims. *Dehoyos*, 345 F.3d at 297.

In the present case, both parties cite *Dehoyos* in support of their respective positions. The plaintiff argues that the defendant falls short in the same manner as the defendant in *Dehoyos* – that is, the defendant has failed to direct the court to any Mississippi insurance law or regulation which would be "impaired" by the plaintiff's FHA claim within the meaning of that term as intended by the McCarran-Ferguson Act and as interpreted by *Humana*.

The defendant contends that the *Dehoyos* court properly applied *Humana* and the McCarran-Ferguson Act but argues that when the same test is applied in the present case, the result will be different. In *Dehoyos*, the court found that the defendant insurance company had only "vaguely conjectur[ed] that, somehow, 'federal civil rights laws will interfere with and frustrate the abilities of states to regulate insurance rate making.'" *Id.* at 298. The defendant asserts that this "argument stood or fell on the basis that the mere existence of a general scheme of insurance regulation was sufficient to trigger MFA preemption." As previously noted, the Fifth Circuit found that more is required – that the defendant must point to a particular law or declared regulatory policy in order to trigger such preemption. *Id.* at 297. *See also Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1222 (11th Cir. 2001) (finding that the defendant had

4

not directed the court to any relevant Alabama authority that "required, condoned, or suggested" the practice which the plaintiff was challenging); *NAACP v. American Family Mut. Ins. Co.*, 978 F.2d 287, 297 (7th Cir. 1992) (stating that "[i]f Wisconsin wants to authorize redlining, it need only say so; if it does, any challenge to that practice under the auspices of the Fair Housing Act becomes untenable" but finding that the defendant had pointed to no such law or regulation). The defendant asserts that, unlike Florida and Texas, Mississippi has a specific insurance regulation in place that would be impaired by the plaintiff's FHA claim, and that, unlike the defendant in *Dehoyos*, the defendant in the case at bar has directed the court to that regulation.

The defendant has indeed directed the court to a specific insurance regulation that would appear to be impaired within the meaning of the McCarran-Ferguson Act if the plaintiff is allowed to pursue her FHA claim. Mississippi Insurance Department Regulation 2003-1 allows insurance companies to use an applicant's or insured's credit history as part of the underwriting or rating process. The regulation sets forth "restrictions and procedural requirements for personal lines insurers licensed in Mississippi regarding the use of an applicant's credit history and/or insurance scores for calculating rates and determining eligibility for coverage or tier placement." As noted above, the Seventh Circuit stated in *NAACP v. American Family Mutual Insurance Co.* that "[i]f Wisconsin wants to authorize redlining, it need only say so; if it does, any challenge to that practice under the auspices of the Fair Housing Act becomes untenable." 978 F.2d at 297. The present case reflects precisely the scenario imagined by the Seventh Circuit. Mississippi *has* enacted a regulation authorizing the activity about which the plaintiff complains, and therefore the plaintiff's "challenge to that practice under the auspices of the Fair Housing Act" is untenable.

The plaintiff argues that the required McCarran-Ferguson element of "impairment" is not present because the FHA does not conflict with any Mississippi insurance statute or regulation but instead complements Mississippi's policy regarding the use of credit scoring. Citing Mississippi Code Ann. § 83-2-3(2)(b), the plaintiff asserts that the practices challenged by her FHA claim are also prohibited by state law. According to the cited statute, "Risks may be classified in any reasonable way for the establishment of rates except that no risks may be grouped by classifications based in whole or in part on race, color, creed or national origin of the risk." Miss. Code Ann. § 83-2-3(2)(b). The plaintiff contends that her case represents the situation addressed by the *Humana* Court in that the federal law complements rather than impairs the state law. In support of this position, the plaintiff argues that "no Mississippi statute . . . condones or authorizes underwriting practices – including credit scoring – that exert an adverse disparate impact against minorities." The defendant correctly notes, however, that Regulation 2003-1 makes no reference to disparate impact. The defendant also asserts that grouping risks by their credit is not the same thing as grouping applicants "based in whole or in part on race" – the aforementioned practice prohibited by Section 83-2-3(2)(b). This court agrees. As the Seventh Circuit stated in *NAACP v. American Family Mutual Insurance Co.*, "[r]isk discrimination is not race discrimination." 978 F.2d at 290.

According to the *Humana* Court, "impair" means "[t]o weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner." *Humana*, 525 U.S. at 309-10. It is clear to the court that the plaintiff's FHA claim would "impair" Regulation 2003-1 within the meaning of the McCarran-Ferguson Act and is therefore reverse-preempted.

Having found that the plaintiff's action should be dismissed under the McCarran-Ferguson Act, it is unnecessary for the court to address the defendant's alternative argument – that the plaintiff has failed to state a claim under the FHA.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss is well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 5th day of July, 2007.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**